UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL GUZMAN-GONZALEZ,<br><br>Defendant. | Case No. 11-cr-00572-SI-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 335 |

On November 19, 2020, defendant Angel Guzman-Gonzalez filed a *pro se* Motion for Compassionate Release. Dkt. No. 335. On December 8, 2020, counsel for defendant submitted a Supplemental Memorandum for the Motion for Compassionate Release. Dkt. No. 339. For the reasons set forth below, the Court DENIES defendant's motion without prejudice to renew in the event defendant's health significantly deteriorates.

**BACKGROUND**

Defendant Angel Guzman-Gonzalez is 62 years old and serving a 96-month sentence for one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). Dkt. No. 275 at 1-2; 339 at 9. Defendant is currently incarcerated at Reeves I & II Correctional Institution in Pecos, Texas and has a release date of October 26, 2021. Dkt. No. 341 at 1. Defendant has served approximately 80% of his sentence. Dkt. No. 339 at 9.

On November 19, 2020 defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 § 3582(c)(1)(A). Dkt. No. 335. On December 8, 2020, counsel for defendant submitted a Supplemental Memorandum for the Motion for Compassionate Release. Dkt. No. 339. The government opposes defendant's motion, and defendant has filed a reply. Dkt. No. 341; 345.

**LEGAL STANDARD**

Defendant filed his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i)   extraordinary and compelling reasons warrant such a reduction
> . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

Defendant asserts his conditions of confinement, hypertension, age, and the COVID-19 pandemic are "extraordinary and compelling" reasons that warrant compassionate release. Dkt. No. 335 at 2-11; 339 at 4-9. Defendant argues the lack of social distancing at Reeves I & II Correctional Institution increases his risk of contracting COVID-19. Dkt. No. 339 at 6-9. Defendant also argues that his age of 62 years and hypertension increase his risk of developing a serious illness if infected with COVID-19. *Id.* at 9. Finally, defendant asserts his compliance during custody and release plan[1] show that he would not be a danger to the community if granted compassionate release. *Id.* at 10-11.

The government opposes the defendant's motion on numerous grounds. Dkt. No. 341 at 9-15. The government argues defendant's general hypertension and age do not definitively increase

---

[1] Defendant presents two release plans because defendant is subject to a U.S. Immigration and Customs Enforcement detainer. Dkt. No. 341 at 13; 349 at 1. If the detainer results in defendant's removal, defendant argues that he would not be a danger to the community because he would be placed in Mexico if granted compassionate release. However, if defendant is not subject to removal, defendant proposed a release plan that would allow him to reside in Santa Rosa with his daughter.

defendant's risks associated with COVID-19. *Id*. at 9-11. The government asserts BOP has taken measures to limit the spread of COVID-19 within prisons. *Id*. at 10-11. Moreover, the government argues the defendant poses a danger to the community because defendant has a criminal history of selling drugs within the Santa Rosa community. *Id*. at 13-14.

The Court has carefully reviewed the parties' arguments and finds that defendant has not shown "extraordinary and compelling" reasons warranting compassionate release. The Court commends defendant for his good behavior while in custody. The Court is concerned about the spread of COVID-19 in the federal prison system and understands that defendant suffers from hypertension. However, the record before the Court indicates that defendant is in good health and is provided with adequate medical care. Moreover, the Court is concerned that defendant's release would present a danger to the community. The Court understands that U.S. Immigration and Customs Enforcement has a detainer on defendant. However, whether defendant will be removed to Mexico is unknown and defendant may be released on bail, into the community, pending removal proceedings. Defendant's release plan in the United States would place defendant in Santa Rosa—a community where defendant has a criminal history of possessing, transporting, and selling drugs. Thus, the Court finds that defendant's release would present a danger to the community and finds that compassionate release is not warranted.

Accordingly, the Court DENIES defendant's motion without prejudice to renew in the event his health significantly deteriorates.

**IT IS SO ORDERED.**

Dated: January 27, 2021

SUSAN ILLSTON
United States District Judge